UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| SHEBA EL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2: 12-79-DCR |
| ) | |
| V. ) | |
| ) | |
| KATTIE LOUISE SHERROD, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On March 14, 2012, Plaintiff Sheba El filed a *pro se* complaint against Defendant Kattie Louise Sherrod. [Record No. 1] She has also filed a motion to proceed *in forma pauperis*. [Record No. 2] Based on the information contained in Plaintiff's affidavit, the motion will be granted. However, the complaint will be dismissed in its entirety.

**Analysis**

This matter is before the Court for initial screening. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (explaining that, for civil complaints brought by indigent non-prisoners, the "district court must still screen the complaint under § 1915(e)(2)"). The Court is required to dismiss a case if the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.      Complaint**

The Court must liberally construe pleadings filed by *pro se* litigants. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) ("*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks omitted)). Even so, the Court is not precluded from finding a *pro se* complaint to be deficient. The complaint must "contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements." *Wilson v. Lexington Fayette Urban Cnty. Gov't*, No. 07-CV-95-KSF, 2007 WL 1136743, at *1 (E.D. Ky. Apr. 16, 2007) (citing *Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988)). In other words, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Although the substance of the complaint presently before the Court is difficult to decipher, the plaintiff apparently seeks to recover certain unidentified property. [Record No. 1, p. 3 (requesting the "restoration of the mortgaged property and rights to the Plaintiff, that have been withheld by the Defendants")] She identifies herself as the mortgagee of that property and the defendant as the mortgagor.[1] The plaintiff asserts that the defendant "breached the Mortgages by causing harm" to her "through the various leases that have been written." [*Id.*, p. 2] She also claims that the defendant has violated her "[p]rotected [r]ights per the

---

[1]     She also asserts that the defendant is a "civilly dead" United States citizen. [Record No. 1, p. 2]

Constitution," as well as her civil rights under the Thirteenth and Fourteenth Amendments.[2] [*Id.*, p. 3]

Even liberally construed, this complaint falls short of stating a claim on which relief can be granted. The plaintiff does not sufficiently identify the parties to the action or allege any facts that would entitle her to relief on any actionable legal theory. To the extent that she attempts to assert a civil rights claim, the plaintiff fails to allege any action on the part of the defendant that infringed on those rights. It is simply "unclear what justiciable claim [the plaintiff] is attempting to present to this Court." *Young v. Ramsey*, No. 06-12269, 2006 WL 2086024, at *2 (E.D. Mich. July 25, 2006). Consequently, the Court must dismiss the complaint *sua sponte*.

### II. Motions of "Unconditional Surrender"

The plaintiff has filed two motions, purportedly on behalf of the defendant, for "Unconditional Surrender of Consignment Mortgages." [Record Nos. 3, 5] However, the plaintiff cannot appear before this Court representing anyone but herself. Title 28 of the United States Code, section 1654, establishes the right of parties to appear *pro se*, on their own behalf. The statutory provision states: "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. In essence, the statute provides two options: parties may represent themselves or, alternatively, they may hire an attorney. *See id.* It does not allow for a party to be represented by a non-attorney third party. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) ("In federal court a party can

---

[2] Additionally, the plaintiff attempts to allege violations of the "Rights of Persons," the Expatriation Act of 1868, "Mortmain Statutes," and the "Universal Maximum of Law." [*Id.*, p. 3]

represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."); *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (advising that section 1654 "does not allow for unlicensed laymen to represent anyone else other than themselves" (internal citation omitted)). Consequently, these motions are improper and the relief sought will be denied.

### Conclusion

Plaintiff Sheba El's *pro se* complaint fails to state a claim upon which relief may be granted. The complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Accordingly, it is hereby **ORDERED** as follows:

1. The motion for leave to proceed in forma pauperis and application to proceed in forma pauperis [Record Nos. 2, 4] are **GRANTED**.

2. The motions filed on behalf of the defendant [Record Nos. 3, 5] are **DENIED** as improperly filed.

3. The complaint is **DISMISSED**, without prejudice. This matter shall be **STRICKEN** from the docket.

This 22nd day of March, 2012.



Signed By:
*Danny C. Reeves* DCR
United States District Judge